# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | | |
|---|---|---|
| FARON WATERS, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 19-0798-KD-C |
| | ) | |
| ROY W. HALL, JR., and | ) | |
| R an D TRUCKING, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

This action is before the Court on Plaintiff Faron Waters' Motion for Leave to Amend wherein he seeks leave to amend the complaint to add a defendant (doc. 17). Upon consideration, and for the reasons set forth herein, the motion is **GRANTED**. Waters shall file his Second Amended Complaint on or before **January 16, 2020**.[1] Defendants Roy W. Hall, Jr. and R an D Trucking, LLC, shall file their response on or before **January 30, 2020**.

Waters moves the Court for leave to amend to add Team Transport, Inc., the owner of the trailer involved in the collision with Waters' vehicle. Defendants did not give their written consent to the amendment. Defendants were given an opportunity to respond to the Motion but did not do so (doc. 18). Therefore, the Court must determine whether the interests of justice require granting Waters' leave to amend his complaint.

Rule 15(a) of the Federal Rules of Civil Procedure provides for amendments of pleadings before trial. At this stage in the litigation, Rule 15(a)(2) applies and instructs the district court

---

[1] The proposed First Amended Complaint (doc. 17-1) is actually the Second Amended Complaint. Waters had amended his complaint before the action was removed (doc. 1-2).

that it "should freely give leave" to amend a pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2). Therefore, "unless a substantial reason exists to deny leave to amend, the discretion of the district court is not broad enough to permit denial[.]" *City of Miami v. Bank of America Corp.,* 800 F.3d 1262, 1286 (11th Cir. 2015) (citation omitted). The district court "may consider several factors when deciding whether to grant a motion to amend, including 'undue delay, bad faith or dilatory motive [on the part of the movant], repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, [and] futility of amendment." *Perez v. Wells Fargo N.A.*, 774 F.3d 1329, 1340–1341 (11th Cir. 2014) (citing *Equity Lifestyle Properties, Inc. v. Florida Mowing & Landscape Serv., Inc*., 556 F.3d 1232, 1241 (11th Cir. 2009) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S.Ct. 227, 230 (1962)); *Donley v. City of Morrow, Georgia,* 601 Fed. Appx. 805, 810 (11th Cir. 2015) (same). Moreover, the federal rules have long favored allowing amendments. *Dussouy v. Gulf Coast Investment Co.*, 660 F.2d 594, 597 (5th Cir. 1981) ("The policy of the federal rules is to permit liberal amendment to facilitate determination of claims on the merits and to prevent litigation from becoming a technical exercise in the fine points of pleading.").

The motion was timely filed before the deadline for amendment of pleadings – January 31, 2020 (doc. 15). Also, discovery does not end until June 1, 2020. (*Id.*) Thus, the parties have sufficient time to effect service and conduct discovery regarding the newly added Defendant. The docket does not indicate that Waters has engaged in any undue delay or bad faith, exhibited a dilatory motive, or repeatedly failed to cure deficiencies. The Defendants did not respond; therefore, no argument has been raised that allowing the amendment would be futile or that they would be unduly prejudiced. Accordingly, the Motion is due to be granted.

**Additionally, Waters should amend his complaint to properly allege the citizenship**

**of R an D Trucking, LLC**. In the proposed complaint, Waters alleges that the LLC is an "Alabama corporation" (doc. 17-1, p. 2). In the First Amended Complaint, Waters alleges that the LLC is a "Mississippi corporation" (Doc. 1-2). Neither allegation is sufficient to establish citizenship. A limited liability company is a citizen "of any state of which a member of the company is a citizen." *See Rolling Greens MHP, LP v. Comcast SCH Holdings LLC,* 374 F.3d 1020, 1022 (11th Cir. 2004) (per curiam). Thus, to sufficiently allege the citizenship of R an D Trucking, LLC, Waters must allege the citizenship of each of its members. Alleging where the LLC was formed is not sufficient.

DONE and ORDERED this the 3rd day of January 2020.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
CHIEF UNITED STATES DISTRICT JUDGE