# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| FARON WATERS, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 19-0798-KD-C |
| | ) |
| ROY W. HALL, JR., and | ) |
| R an D TRUCKING, LLC, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This action is before the Court on Defendants Roy W. Hall, Jr. and R an D Trucking, LLC's Motion to Strike Prejudgment Interest Demanded in Plaintiff's Second Amended Complaint and the Response filed by Plaintiff Faron Waters (docs. 32, 35).

Waters sued Defendants for personal injuries resulting from an automobile accident. (Doc. 28, Second Amended Complaint). Defendants move for an order to strike any claim for prejudgment interest in Waters' demand for "general compensatory damages . . . plus interest and costs" (Doc. 32, Doc. 28). Defendants argue that under Alabama law, "pre-judgment interest is not recoverable on unliquidated damages for personal injuries" (Doc. 32, p. 1). In response, Waters moves the Court to grant his request to file a Third Amended Complaint, wherein the demand for "interest and costs" has been omitted (Doc. 35, Doc. 35-1). To date, Defendants have not filed any opposition to Waters' request.

Rule 12(f) of the Federal Rules of Civil Procedure provides for a "Motion to Strike". The Rule states that the "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Waters' demand or claim for "interest and costs" does not appear to fall within any of the listed items, which the Court may strike. Accordingly,

the motion to strike is denied.

However, the Court will consider Waters' request to amend his complaint to eliminate the demand for interest and costs. At this procedural posture, where Waters has twice amended his complaint, he may amend his "pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). Defendants have not given their written consent. With respect to leave of court, the district courts "should freely give leave to amend 'when justice so requires.'" Woldeab v.Dekalb County Board of Education, 885 F. 3d 1289, 1291 (11th Cir. 2018) (quoting Fed. R. Civ. P. 15(a)). "A district court need not, however, allow an amendment (1) where there has been undue delay, bad faith, dilatory motive, or repeated failure to cure deficiencies by amendments previously allowed; (2) where allowing amendment would cause undue prejudice to the opposing party; or (3) where amendment would be futile." Bryant v. Dupree, 252 F.3d 1161, 1163 (11th Cir. 2001).

The docket does not indicate any undue delay, bad faith, dilatory motive or repeated failure to cure deficiencies on the part of the movant Waters. Allowing the amendment would not prejudice the Defendants. As Defendants point out in their motion to strike, under Alabama law, prejudgment interest may not be recovered on an unliquidated claim. State Farm Mutual Insurance Co. v. Fox, 541 So. 2d 1070, 1072 (Ala. 1989) (citations omitted). The Alabama courts have defined "unliquidated damages" as "damages that are not yet reduced to a certainty in respect of amount, nothing more being established that the plaintiff's right to recover, or [damages] as cannot be fixed by a mere mathematical calculation from ascertained date in the case." United States Fidelity & Guar. Co. v. German Auto, Inc., 591 So.2d 841, 843 (Ala. 1991) (citation and internal quotations omitted); Colonial BancGroup, Inc. v. PricewaterhouseCoopers LLP, 2018 WL 6431011, at *5 (M.D. Ala. Nov. 26, 2018) (slip copy) (declining to award

prejudgment interest on an uncontested portion of unliquidated damages, "[i]n light of the Alabama Supreme Court's holding in German Auto" and the absence of Alabama case law). Moreover, allowing the amendment would not be futile. Burger King Corp. v. Weaver, 169 F.3d 1310, 1320 (11th Cir. 1999) ("[D]enial of leave to amend is justified by futility when the complaint as amended is still subject to dismissal.").

Accordingly, for the reasons set forth herein, Waters' request is **GRANTED** and he shall **file his Third Amended Complaint on or before March 9, 2020.** See S.D. Ala. Civil Local Rule 15(c) ("If the Court grants the motion to amend, the party must promptly file the amended pleading.). **Defendants** shall file any **response** to the Third Amended Complaint **on or before March 16, 2020**. See S.D. Ala. Civil Local Rule 15(c) ("If a responsive pleading is required, any party that has appeared in the action and was served with the proposed amended pleading must serve an answer or other responsive pleading within fourteen (14) days after the Court grants the motion to amend.").

DONE and ORDERED this the 2nd day of March 2020.

s/ Kristi K. DuBose
KRISTI K. DuBOSE
CHIEF UNITED STATES DISTRICT JUDGE